UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR421-43 |
| | ) | |
| v. | ) | |
| | ) | |
| TAMESHA LASHELLE BROWN | ) | |

### PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on February 16, 2021, in the Southern District of Georgia, Defendant Malik Abdul McCaully (hereinafter, the "Defendant") was charged in a one-count Information for violating of 18 U.S.C. § 371 (Count One – Conspiracy to Commit an Offense);

WHEREAS, the Information sought forfeiture pursuant to 18 U.S.C § 982(a)(2)(B) and 18 U.S.C § 1029(c)(1)(C) of any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation, and any personal property used or intended to be used to commit the offense(s); but is not limited to a money judgment equal to the gross proceeds obtained as a result of the aforesaid violations, and electronic devices;

WHEREAS, on March 18, 2021, the Defendant pled to Count-One of the Information, and agreed to the waives and abandon his interest in any property that may have been seized in connection with this case, including but not limited to items found in the vehicle in which he was arrested, including electronic devices (such as cellular phones, computers, and printer), identification cards, and U.S. currency, including the following:

- Cash: $21,368.00 in U.S. Currency
- Cell Phones (10 in total):
    - Apple iPhone XR, IMEI 353062104329696
    - Apple iPhone 11, IMEI: 352900113398254,
    - Samsung cellphone, IMEI 353290114351141
    - Samsung cellphone, IMEI 359620106487392
    - Black LG cellphone (no identifying information)
    - LG cellphone, IMEI 354544114072761
    - LG cellphone, IMEI 354544114072779
    - Samsung cellphone, IMEI 354212112875680
    - Apple iPhone, red in color, butterfly stickers on phone
    - Samsung cellphone, IMEI 35962010191784
- External hard drive (1):
    - Apricorn, Aegis Padlock 3, external hard drive black in color, with identification number 100600076602
- Laptop (2): Asus laptop, Model X509F, S/N KBN0CX035751453; HP laptop, Model 14-CM0046NR, S/N 5CG9137H2C
- Printer (1): Canon Pixma, Model MG2522, white in color, inkjet printer
- Bank Card accounts belonging to:

| Name | |
|---|---|
| Margie J. Seawell – | Customer ID #270185607 |
| Rebecca Hebert - | Customer ID #270433522 |
| Shaun Small - | Customer ID #270322517 |
| Stacey Hebert - | Customer ID #270185885 |
| Helena F. Small - | Customer ID #270322077 |
| Danyelle E. Ardie - | Customer ID #270321807 |
| Christopher R. Small - | Customer ID #270322336 |
| Brandon K. Small - | Customer ID #270322265 |
| Eric D. Small - | Customer ID #270321994 |
| Robin M. Jennings - | Customer ID #270322704 |
| Jermaine Small - | Customer ID #270321906 |
| Michelle H. Stuart - | Customer ID #270393579 |
| Jacquelin H. Hebert - | Customer ID #270394055 |
| Tammy G. Caldwell - | Customer ID #270186685 |
| Kathryn M. Hebert - | Customer ID #270185578 |
| April J. Hebert - | Customer ID #270395264 |
| Herman Gay - | Customer ID #268574244 |
| Antonio Hopkins - | Customer ID #269304091 |
| Direz Williams - | Customer ID #268813965 |
| Christopher Miller - | Customer ID #268865870 |
| Vanessa Montemayor - | Customer ID #268685051 |
| Pamela Robinson - | Customer ID #268441860 |
| Jason Robinson - | Customer ID #268311720 |
| Gregory Wilson - | Customer ID #268658397 |

(Collectively, the "Subject Property");

WHEREAS, the Information further provided for the forfeiture of substitute assets pursuant to 21 U.S.C § 853(p) as incorporated by 28 U.S.C. § 2461(c) of any other property of Defendant up to the value of the property subject to forfeiture;

WHEREAS, pursuant to his plea agreement Defendant further agreed to waive the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to 18 U.S.C. § 982(a)(2)(B) and 18 U.S.C § 1029(c)(1)(C), and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, the Government has established the requisite nexus between the Subject Property and the offense committed by Defendant, and the Subject Property is hereby forfeited to the United States.

2. Upon entry of this Order, the Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order. No such notice or ancillary proceeding is necessary to the extent that this Order consists solely as a judgment for a sum of money. *See* Fed. R. Crim. P. 32.2(c)(1).

3. Any person, other than the above-named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of her alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C. § 2461(c).

4. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

5. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner=s right, title, or interest in the Subject Property, the time and circumstances of the petitioner=s acquisition of the right, title or interest in the Subject Property, and any additional facts supporting the petitioner=s claim and the relief sought.

6. If a petition is filed by a third party, and after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

7. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. ' 853(n)(2) for the filing of third-party petitions.

8. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

9. The Clerk of the Court shall forward four certified copies of this Order to Assistant U.S. Attorney Xavier A. Cunningham, United States Attorney's Office for the Southern District of Georgia, P.O. Box 8970, Savannah, Georgia 31412.

SO ORDERED, this 29th day of ___April___, 2021.

_____
HON. WILLIAM T. MOORE, JR., JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA